UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LYDA DAVIS,                          )
                                     )
        Plaintiff,                   )
                                     )
    vs.                              )        Case No. 4:11CV00356 HEA
                                     )
JOHN C. BONEWICZ, P.C.,              )
                                     )
        Defendant.                   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss, [Doc. No. 11].  Plaintiff filed a response in opposition to Defendant's motion, [Doc. No. 16]. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

## Facts and Background

Plaintiff filed this action alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  Plaintiff asserts in her  Complaint that Defendant is a debt collector, and the debt at issue qualifies as consumer debt under 15 U.S.C. § 1692a(5).  The Complaint also alleges the following factual allegation: To collect a debt, Defendant used an automatic telephone dialing system or an artificial voice to leave messages on Plaintiff's

cellular telephone during August 2010.  Plaintiff's Complaint contains two counts.

Count I alleges that Defendant's actions violated § 1692d(6) and § 1692f of the

FDCPA.  Count II alleges that Defendant violated § 227(b)(1)(A)(iii) of the

TCPA.  In these regards Plaintiff seeks actual, statutory, and punitive damages.

On August 31, 2011, Defendant filed a Motion to Dismiss Plaintiff's

Complaint.  Defendant moves for dismissal on three grounds: (1) Plaintiff lacks

standing; (2) Plaintiff's allegations are merely conclusory statements that, without

more, cannot survive a motion to dismiss; and (3) judicial estoppel precludes

Plaintiff from asserting any claims against Defendant.

On September 14, 2011, Plaintiff filed a Motion to Substitute a Party [Doc.

No. 15].  The court granted Plaintiff's Motion and subsequently substituted the

bankruptcy trustee, Fred Cruse, as the plaintiff in this case.

## Discussion

### Standing

"After appointment of a trustee, a Chapter 7 debtor no longer has standing

to pursue a cause of action which existed at the time the Chapter 7 petition was

filed. Only the trustee, as representative of the estate, has the authority to

prosecute and/or settle such causes of action." *Harris v. St. Louis Univ.*, 114 B.R.

647, 648 (E.D. Mo. 1990); *Moratzka v. Morris (In re Senior Cottages of Am.,*

*LLC*), 482 F.3d 997, 1001 (8th Cir. 2007) (citing *Mixon v. Anderson* (*In Re Ozark Rest. Equip. Co.*), 816 F.2d 1222, 1225 (8th Cir. 1997) (explaining that "[c]auses of action are interests in property and are therefore included in the [bankruptcy] estate; it follows that the trustee has standing . . . to assert causes of action that belonged to the debtor at the time of filing bankruptcy.").  Defendant claims Plaintiff lacks standing because upon filing bankruptcy, any equitable and legal claims constitute property, and such property belongs to the bankruptcy estate.

The original Complaint identifies Lyda Davis as the plaintiff.  Lyda Davis filed bankruptcy on August 30, 2010.  The bankruptcy court discharged Davis's debt on November 9, 2010 and prior to doing so, appointed a trustee.  Because Plaintiff's Complaint alleges violations of the FDCPA and TCPA and causes of action are interests in property that belong to the bankruptcy estate, only the trustee of the bankruptcy estate has standing to pursue these claims.  To cure this defect, Plaintiff Davis filed a Motion to Substitute a Party.  The court granted Plaintiff's motion and Fred Cruse, the trustee of the bankruptcy estate, is now the named plaintiff in this action.  Accordingly, the substituted plaintiff has standing to pursue these claims.  Therefore, Defendant's standing argument is denied as moot.

**Motion to Dismiss**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S. Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" does not satisfy the pleading standard. *Iqbal*, 129 S. Ct. at 1949.

The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S. Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S. Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## 15 U.S.C. § 1692d(6)

Section 1692d of the FDCPA makes it unlawful for a debt collector to "harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Specifically, subsection six proscribes "the placement of telephone calls without meaningful disclosure of the caller's identity."  15 U.S.C. § 1692d(6).  "[C]ourts construing Section 1692d(6) in similar contexts have uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 950 (D. Minn. 2008);

- 5 -

*Edwards v. Niagra Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1360 (N.D. Ga. 2008).

Count I of Plaintiff's Complaint alleges that Defendant violated Section 1692d(6) of the FDCPA because "it left messages on Plaintiff's residential phone line which failed to provide meaningful disclosure of Defendant's identity."[1] (Compl. ¶ 12). Plaintiff's claim rests squarely on the fact that sometime during the month of August, Defendant left messages on Plaintiff's voicemail system. The Complaint fails to specifically plead the contents of Defendant's messages. Because Plaintiff did not identify the substance of such messages, Plaintiff has failed to set forth enough facts to state a claim for relief under Section 1692d(6) of the FDCPA. *See D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LCC,* No. 11 C 599, 2011 WL 2356390, at *3 (N.D. Ill. June 14, 2011); *Tucker v. Malcolm S. Gerald and Assocs., Inc.*, No. 3:09-cv-1183-J-12JRK, 2010 WL 1223912, at *2-3 (M.D. Fla., March 24, 2010); *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857 (JLL), 2009 WL 1652275, at *2 (D. N.J. June 11, 2009).

**15 U.S.C. § 1692f**

---

[1] Paragraph 7 of Plaintiff's Complaint alleges that "Defendant left phone messages on Plaintiff's *cellular* phone." (emphasis added). Paragraph 12 of Plaintiff's Complaint states that "Defendant violated 15. U.S.C. § 1692d(6) when it left messages on Plaintiff's *residential* phone." (emphasis added). The inconsistency in this Opinion merely reflects the inconsistency in Plaintiff's Complaint.

Section 1692f indicates "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" and includes an non-exhaustive list of proscribed conduct.  15 U.S.C. § 1692f.  Count II of Plaintiff's Complaint alleges that "Defendant's actions were unfair and unconscionable means to collect the debt in violation of 15 U.S.C. § 1692f." (Compl. ¶ 13).  Plaintiff's allegation is merely a threadbare recital of Section 1692f and provides no indication of the conduct Defendant engaged in that was unfair and unconscionable.  Further, Plaintiff has agreed to file a motion to dismiss this claim.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss Pl.'s Compl. ¶ 3). Therefore, Defendant's Motion to Dismiss Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692f is granted.

**Judicial Estoppel**

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine,* 532 U.S. 742, 750-51, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (internal quotations and citation omitted).   The Eighth Circuit has explained that the doctrine of judicial estoppel "protects the integrity of the judicial process." *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 n.6 (8th Cir. 1987).  A court may invoke judicial estoppel when a party abuses the judicial process by making a knowing misrepresentation to the court or

- 7 -

perpetrating a fraud on the court.  *Id*.  "Judicial estoppel, however, is an extraordinary remedy and should only be applied when a party's inconsistent behavior will result in the miscarriage of justice."  *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1019 (E.D. Mo. 2006) (citation omitted).

The Supreme Court has stated that judicial estoppel is a flexible doctrine that is "probably not reducible to any general formulation of principle."  *New Hampshire, 532* U.S. at 750-51.  However, "[t]hree factors, while not 'an exhaustive formula for determining the applicability of judicial estoppel,' aid a court in determining whether to apply the doctrine."  *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting *Total Petroleum, Inc.*, 822 F.2d  at 751).  The factors include:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id*.

"In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise

mentioned in the debtor's schedules or disclosure statements." *Id.* (citing *Browning Mfg. v. Mims* (*In re Coastal Plains, Inc.*), 179 F.3d 197, 208 (5th Cir. 1999). "A debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'" *Id.* (quoting *Superior Crewboats, Inc. v. Primary P & I Underwriters* (*In re Superior Crewboats, Inc.*), 374 F.3d 330, 335 (5th Cir. 2004).

Defendant argues, in part, that because Plaintiff did not disclose the TCPA claims as an asset in her bankruptcy schedules, she should be judicially estopped from pursuing them now. Defendant also argues that judicial estoppel should be invoked because intentional manipulation can be inferred from the record. As evidence of Plaintiff's intent to defraud the court, Defendant cites the following: (1) Plaintiff waited four months to amend her bankruptcy schedules; (2) Plaintiff knew she lacked standing to bring this action but failed to cure the defect; and (3) Plaintiff underestimated the amount of statutory damages she can recover from Defendant and such conduct raises a presumption of fraud. In support of its position, Defendant relies on *Turner v. Southwestern Bell Tel. L.P.*, 2006 U.S. Dist. LEXIS 99395 (E.D. Mo. April 7, 2006). In *Turner*, the defendant moved for summary judgment because the plaintiff failed to disclose a potential cause of action in her bankruptcy filing and subsequently initiated a lawsuit based on that

claim.  *Id.* at *1.  Applying the summary judgment standard articulated in Fed. R. Civ. P. 56(c), the *Turner* court held that there was "insufficient evidence of an intent on the part of the plaintiff to manipulate or deceive." *Id.* at *20.

Factually, there are similarities between this case and *Turner*; however, procedurally, these cases are quite different.  This matter is before the court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Accordingly, the issue of judicial estoppel is not ripe at this stage of the litigation.  Further, the intent prong of Defendant's judicial estoppel argument is improper for a 12(b)(6) motion because it requires the court to consider matters outside of the parties' pleadings, namely Plaintiff's alleged intent to defraud the court.  *See* Fed. R. Civ. P. 12(d).   Therefore, Defendant's judicial estoppel argument necessarily must fail.

## Conclusion

Plaintiff's Complaint contains threadbare recitals of the statutory elements of violations of the FDCPA and does not allege facts sufficient to meet the requirements under *Twombly* and *Iqbal*.  Based upon the foregoing analysis, Defendant's Motion to Dismiss Plaintiff's FDCPA claims is granted.  Plaintiff will be given leave to file an amended complaint.  Defendant's judicial estoppel argument, however, cannot succeed at this stage of litigation because it is not ripe.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for lack of standing is **DENIED** as moot.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss Plaintiff's TCPA claims is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's FDCPA claims is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion to file an Amended Complaint.  Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Dated this 18th day of November, 2011.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE